

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*     *(203)821-3700*
*157 Church Street, 25th Floor*   *Fax (203) 773-5376*
*New Haven, Connecticut 06510*  *www.justice.gov/usao/ct*

December 7, 2020

Moira Buckley, Esq.
10 Columbus Blvd
Floor 6
Hartford, CT  06106

      Re:     United States v. Randall Tilton
              Case No. 3:20CR ~~242~~ (JAM)

Dear Attorney Buckley:

      This letter confirms the plea agreement between your client, Randall Tilton (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

      In consideration for the benefits offered under this agreement, the defendant agrees to waive his right to be indicted and to plead guilty to a seven-count information charging seven violations of 18 U.S.C. § 2251(a) (production of child pornography).

      The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied for each of the seven counts:

    1.      The defendant employed, used, persuaded, induced, enticed or coerced the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

    2.      At the time, the victim was a minor; and

    3.      The visual depiction was produced and transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by

*Moira Buckley, Esq.*
*Page 2*

> computer, or the visual depiction has been transported and transmitted using any means and facility of interstate commerce or in or affecting interstate and foreign commerce.

## THE PENALTIES

### Imprisonment

Each of the seven counts carries a maximum penalty of 30 years and a minimum penalty of 15 years of imprisonment.

### Supervised Release

In addition, the Court must impose a term of supervised release of at least five years and as much as life to begin after any term of imprisonment. Further, the defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to three years with no credit for time already spent on supervised release. However, if the defendant is required to register under the Sex Offender Registration and Notification Act, and violates a condition of supervised release by committing any felony offense in chapters 109A, 110, 117, or sections 1201 or 1591 of Title 18, United States Code, then the defendant may be required to serve a term of not less than 5 years of imprisonment. 18 U.S.C. § 3583(k).

In addition to the standard conditions of any supervised release, the defendant does not object to the Court ordering certain additional conditions, as set forth in the attached Rider: Additional Conditions of Supervised Release.

### Fine

These offenses each carry a maximum fine of $250,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

*Moira Buckley, Esq.*
*Page 3*

Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction.  The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

The defendant is further obligated by 18 U.S.C. § 3014 to pay an additional special assessment of $5,000 on each count of conviction, for a total of $35,000, unless the Court finds that the defendant is indigent. The Government reserves its right to argue at sentencing that the defendant is not indigent.  The defendant reserves his right to argue at sentencing that he is indigent.  The parties agree that if the Court finds that the defendant is not indigent and imposes the additional special assessment, the additional special assessment is payable to the Clerk of the Court as soon as the defendant has satisfied all other court-ordered fines, orders of restitution, or any other court-ordered obligation related to victim-compensation arising from the counts on which this additional special assessment is based.

Restitution

In addition to the other penalties provided by law, the Court must order that the defendant make restitution under 18 U.S.C. § 2259, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 2259. The defendant agrees to make such restitution to each victim for the "full amount of the victim's losses," as that term is defined in 18 U.S.C. § 2259.

The defendant agrees, pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A(a)(3), that restitution is payable to all victims of his criminal and relevant conduct, including the described in the attached stipulation of offense conduct, and not merely victims of the counts to which he agrees to plead guilty.  The defendant agrees to make such restitution to each victim for the "full amount of the victim's losses," as that term is defined in 18 U.S.C. § 2259.

The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution.  Restitution is payable immediately unless otherwise ordered by the Court.

Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date.  18 U.S.C. § 3612(f).  Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g).

Forfeiture

Pursuant to 18 U.S.C. § 2253(a), the defendant agrees to forfeit his interest in the MSI Black Laptop S/N GE62 2QF 413USK150900825, two SanDisk Cruzer USB flash drives (8 GB

*Moira Buckley, Esq.*
*Page 4*

and 128 GB), a Samsung Galaxy Edge S7 G935P and a LG LK430 GPad which were seized by state warrants on or about November 1, 2019 (collectively, the "Forfeitable Property"). The defendant warrants that he is the sole owner of the Forfeitable Property. The defendant further acknowledges that the Forfeitable Property is subject to forfeiture as property used to commit or to promote the commission of the illegal conduct giving rise to forfeiture.

The defendant agrees to waive all interests in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of an order of forfeiture for the Forfeitable Property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the Forfeitable Property covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

The defendant agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the

*Moira Buckley, Esq.*
*Page 5*

offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

<u>Stipulation</u>

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

<u>Guideline Stipulation</u>

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

*Moira Buckley, Esq.*
*Page 6*

Count One:  Minor Victim ("MV") 1

| | | |
|---|---|---|
| U.S.S.G. § 2G2.1 | Base Offense Level | 32 |
| U.S.S.G. § 2G2.1(b)(1) | Minor under the age of 12 | +4 |
| U.S.S.G. § 2G2.1(b)(2) | Commission of a sexual act or sexual contact | +2 |
| U.S.S.G. § 2G2.1(b)(3) | Knowingly engaged in distribution | +2 |
| U.S.S.G. § 2G2.1(b)(4) | Material portrayed sadistic or masochistic conduct, depictions of violence | +4 |
| U.S.S.G. § 2G2.1(b)(5) | Minor was in the custody, care or supervisory control of the defendant | +2 |
| | Offense Level | 46 |

Count Two:  MV2

| | | |
|---|---|---|
| U.S.S.G. § 2G2.1 | Base Offense Level | 32 |
| U.S.S.G. § 2G2.1(b)(1) | Minor under the age of 12 | +4 |
| U.S.S.G. § 2G2.1(b)(2) | Commission of a sexual act or sexual contact | +2 |
| U.S.S.G. § 2G2.1(b)(3) | Knowingly engaged in distribution | +2 |
| U.S.S.G. § 2G2.1(b)(4) | Material portrayed an infant or toddler | +4 |
| U.S.S.G. § 2G2.1(b)(5) | Minor was in the custody, care or supervisory control of the Defendant | +2 |
| | Offense Level | 46 |

Count Three: MV3

| | | |
|---|---|---|
| U.S.S.G. § 2G2.1 | Base Offense Level | 32 |
| U.S.S.G. § 2G2.1(b)(1) | Minor under the age of 12 | +4 |
| U.S.S.G. § 2G2.1(b)(2) | Commission of a sexual act or sexual contact | +2 |
| U.S.S.G. § 2G2.1(b)(4) | Material portrayed an infant or toddler | +4 |
| | Offense Level | 42 |

*Moira Buckley, Esq.*
*Page 7*

Count Four: MV4

| U.S.S.G. § 2G2.1 | Base Offense Level | 32 |
|---|---|---|
| U.S.S.G. § 2G2.1(b)(1) | Minor under the age of 12 | +4 |
| U.S.S.G. § 2G2.1(b)(2) | Commission of a sexual act or sexual contact | +2 |
| U.S.S.G. § 2G2.1(b)(4) | Material portrayed an infant or toddler | +4 |
| | Offense Level | 42 |

Count Five: MV5

| U.S.S.G. § 2G2.1 | Base Offense Level | 32 |
|---|---|---|
| U.S.S.G. § 2G2.1(b)(1) | Minor under the age of 12 | +4 |
| U.S.S.G. § 2G2.1(b)(2) | Commission of a sexual act or sexual contact | +2 |
| U.S.S.G. § 2G2.1(b)(5) | Material portrayed an infant or toddler | +2 |
| | Offense Level | 42 |

Count Six: MV6

| U.S.S.G. § 2G2.1 | Base Offense Level | 32 |
|---|---|---|
| U.S.S.G. § 2G2.1(b)(1) | Minor under the age of 12 | +4 |
| U.S.S.G. § 2G2.1(b)(2) | Commission of a sexual act or sexual contact | +2 |
| U.S.S.G. § 2G2.1(b)(4) | Material portrayed an infant or toddler | +4 |
| | Offense Level | 42 |

Count Seven: MV7

| U.S.S.G. § 2G2.1 | Base Offense Level | 32 |
|---|---|---|
| U.S.S.G. § 2G2.1(b)(1) | Minor under the age of 12 | +4 |
| U.S.S.G. § 2G2.1(b)(2) | Commission of a sexual act or sexual contact | +2 |
| U.S.S.G. § 2G2.1(b)(4) | Material portrayed an infant or toddler | +4 |
| | Offense Level | 42 |

Under U.S.S.G. § 3D1.2(d), Counts One through Seven are excluded from grouping.

Count One provides the highest offense level of 46 and is assigned one unit under U.S.S.G. § 3D1.4(a). As Counts Two through Seven are equally serious or one to four levels less

*Moira Buckley, Esq.*
*Page 8*

serious than Count One, each is assessed one additional unit, for a total of seven units. As a result, five additional levels are added, resulting in a combined adjusted offense level of 51.

Pursuant to U.S.S.G. §4B1.5(b), five levels are added because an offense of conviction is a covered sex crime and the defendant engaged in a pattern of activity involving prohibited sexual conduct on separate occasions. This results in an adjusted offense level of 56.

Three levels are subtracted from the adjusted offense level of 56 based on the defendant's acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in a total offense level of 53, or, effectively a total offense level 43. *See* Chapter 5, Part A (comment n.2)

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I.  The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

Assuming a Criminal History Category I and a total offense level of 43, the defendant's sentencing guideline range is life imprisonment.  However, since the statutory maximum sentences for each of the seven counts is 30 years' imprisonment, the guideline range becomes 2,560 months (or 210 years), which is the combined length of the authorized maximum sentences in this case.  *See* U.S.S.G. § 5G1.2(b)-(d).

Defendant is also subject to a fine range of $50,000 to $250,000 on each count, U.S.S.G. § 5E1.2(c)(3) and a supervised release term of 5 years to life.  18 U.S.C. § 3583(k).

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.  The Government intends to argue for imposition of a total sentence of 210 years (or 2,560 months) imprisonment. The defendant intends to object and to argue for concurrent (or partially concurrent) sentences on each of the counts of conviction.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above.  The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations.  Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

<u>Information to the Court</u>

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case.  Moreover, the Government will discuss the facts of this

*Moira Buckley, Esq.*
*Page 9*

case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Right to Proceed In Person Due to COVID-19 Public Health Emergency

The defendant understands that he has a right to be physically present in a public courtroom for a guilty plea hearing. In light of the ongoing COVID-19 health emergency, however, the defendant knowingly and voluntarily waives his right to be physically present in the courtroom for the purpose of entering a plea and consents to proceed by video teleconference (or by means of audio teleconferencing if video teleconferencing is not reasonably available). The defendant further expressly stipulates that he has consulted with his counsel regarding the above waiver and consent and wishes to proceed by means of video teleconferencing (or by means of audio teleconferencing if video conferencing is not reasonably available). The parties agree that in light of the nature of this prosecution and the interests of the defendant and the public, this proceeding cannot be further delayed without serious harm to the interests of justice.

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

*Moira Buckley, Esq.*
*Page 10*

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

<u>Waiver of Venue</u>

The defendant expressly agrees to waive, for purposes of this agreement and any charges by the Government arising out of the conduct described in the attached stipulation of facts, any defense or objection with respect to venue.

<u>Waiver of Statute of Limitations</u>

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

<u>Waiver of Right to Challenge Conviction</u>

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

<u>Appeal Rights Regarding Sentencing</u>

The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by 18 U.S.C. § 3742.

## **ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA**

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is

entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law.  The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney.  The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority.  The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved.  Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future.  The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SEX OFFENDER REGISTRATION

The defendant acknowledges that he has been advised and understands that he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that pursuant to these requirements, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student.  He understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student

*Moira Buckley, Esq.*
*Page 12*

not later than three business days after any change of his name, residence, employment, or student status.  The defendant has been advised, and understands, that he will be subject to possible federal and state penalties for failure to comply with such sex offender notification requirements, including prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both. If he resides in Connecticut following his release from prison, he will be subject to the registration requirements of Conn. Gen. Stat. § 54-250 *et seq.* The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of supervised release, the defendant shall initially register with the state sex offender registration in Connecticut, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the production of child pornography as to Minor Victims 1 through 7, which forms the basis of Information in this case.

↳ *and the relevant conduct set forth in the Stipulation of Offense Conduct.* [handwritten annotation]

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement.  If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

*MB* *R* [handwritten initials]

*Moira Buckley, Esq.*
*Page 13*

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

JOHN H. DURHAM
UNITED STATES ATTORNEY


NANCY V. GIFFORD
ASSISTANT UNITED STATES ATTORNEY




The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

RANDALL TILTON                                    12/7/2020
The Defendant                                      Date

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

MOIRA BUCKLEY, ESQ.                                December 7, 2020
Attorney for the Defendant                         Date

*Moira Buckley, Esq.*
*Page 14*

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that gives rise to the defendant's agreement to plead guilty to the information:

MINOR VICTIM 1 ("MV1") (Year of Birth 2011):  From in or about 2015 and continuing through on or about November 1, 2019, TILTON knowingly employed, used, persuaded, induced, enticed and coerced MINOR VICTIM 1 to engage in sexually explicit conduct for the purposes of producing a visual depiction of such conduct.  Specifically, TILTON produced at least 35 videos and 66 images depicting the sexual abuse of MV1, including TILTON's commission of sexual acts and sexual contact on MV1.  TILTON produced the images and videos of MV1 while she was in his custody, care or supervisory control.  The images and videos depict sexually explicit conduct as defined in 18 U.S.C § 2256(2)(A), including oral, anal and vaginal intercourse, masturbation, sadistic or masochistic abuse and lascivious exhibition of the anus, genitals or pubic area.  Some of the images depicted MV1 bound and restrained while TILTON sexually assaulted MV1.  TILTON distributed the images and videos of MVI, including by distributing the images on the dark web through the Tor network.   TILTON recorded the sexually explicit images and videos of MV1 in numerous locations including Connecticut and New Hampshire.  TILTON transported the sexually explicit images of MV1 to Connecticut and distributed them from Connecticut.

MINOR VICTIM 2 ("MV2") (Year of Birth 2018):  From in or about February 2019 through in or about November 1, 2019, TILTON knowingly employed, used, persuaded, induced, enticed and coerced MINOR VICTIM 2 to engage in sexually explicit conduct for the purposes of producing a visual depiction of such conduct.  Specifically, TILTON produced a video and four images depicting the sexual abuse of MV2, including TILTON's commission of sexual acts and sexual contact on MV2.  TILTON produced the images and videos of MV2 while she was in his custody, care or supervisory control.   The images and videos of MV2 depict sexually explicit conduct as defined in 18 U.S.C § 2256(2)(A), including actual or simulated oral-genital intercourse. TILTON used Snapchat to distribute at least one video of MV2 to another adult.  TILTON recorded and distributed the visual depictions of MV2 from Connecticut.

MINOR VICTIM 3 ("MV3") (Year of Birth 2012):  From on or about June 25, 2016, through in or about November 1, 2019, TILTON knowingly employed, used, persuaded, induced, enticed and coerced MINOR VICTIM 3 to engage in sexually explicit conduct for the purposes of producing a visual depiction of such conduct.  Specifically, TILTON produced three images depicting the sexual abuse of MV3, including TILTON's sexual contact with MV3.  The images TILTON produced of MV3 depict sexually explicit conduct as defined in 18 U.S.C § 2256(2)(A), including the lascivious exhibition of the genitals and TILTON's finger touching MV3's genitals.  TILTON recorded the visual depictions of MV3 in Connecticut.

MINOR VICTIM 4 ("MV4") (Year of birth 2012):  From in or about February 2016 through in or about November 1, 2019, TILTON knowingly employed, used, persuaded, induced, enticed and coerced MV4 to engage in sexually explicit conduct for the purposes of producing a visual depiction of such conduct.  Specifically, TILTON produced a video and four

*Moira Buckley, Esq.*
*Page 15*

images depicting the sexual abuse of MV4, including TILTON's commission of sexual acts on MV4. The video and images TILTON produced of MV4 depict sexually explicit conduct as defined in 18 U.S.C § 2256(2)(A), including genital-genital intercourse and the lascivious exhibition of the genitals. TILTON recorded the visual depictions of MV4 in California and transported them to Connecticut.

MINOR VICTIM 5 ("MV5") (Year of birth 2012): From in or about May 2015 through on or about November 1, 2019, TILTON knowingly employed, used, persuaded, induced, enticed and coerced MV5, to engage in sexually explicit conduct for the purposes of producing a visual depiction of such conduct. Specifically, TILTON produced a video and thirteen images depicting the sexual abuse of MV5, including TILTON's commission of sexual acts on MV5. The video and images TILTON produced of MV5 depict sexually explicit conduct as defined in 18 U.S.C § 2256(2)(A), including digital penetration of the genitals, sadistic or masochistic abuse, and lascivious exhibition of the genitals. TILTON recorded the visual depictions of MV5 in California and transported them to Connecticut.

.   MINOR VICTIM ("MV6") (Year of birth 2011): From in or about November 2014, through on or about November 1, 2019, TILTON knowingly employed, used, persuaded, induced, enticed and coerced MV6, to engage in sexually explicit conduct for the purposes of producing a visual depiction of such conduct. Specifically, TILTON produced a video and fourteen images depicting the sexual abuse of MV6, including TILTON's commission of sexual acts on MV6. The video and images TILTON produced of MV6 depict sexually explicit conduct as defined in 18 U.S.C § 2256(2)(A) including genital-genital intercourse and the lascivious exhibition of the genitals. TILTON recorded the visual depictions of MV6 in California and transported them to Connecticut.

MINOR VICTIM ("MV7") (Year of birth 2011): From in or about November 2014, through on or about November 1, 2019, TILTON knowingly employed, used, persuaded, induced, enticed and coerced MV7, to engage in sexually explicit conduct for the purposes of producing a visual depiction of such conduct. Specifically, TILTON produced six images of MV7 depicting the sexual abuse of MV7, including TILTON's commission of sexual acts on MV7. The images TILTON produced of MV7 depict sexually explicit conduct as defined in 18 U.S.C § 2256(2)(A) including oral-genital intercourse and the lascivious exhibition of the genitals. TILTON recorded the visual depictions of MV7 in California and transported them to Connecticut.

The visual depictions of all of the MVs listed above were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce including the following: the MSI Black Laptop S/N GE62 2QF 413USK150900825, two SanDisk Cruzer USB flash drives (8 GB and 128 GB), a Samsung Galaxy Edge S7 G935P and an LG LK430 GPad.

In addition to producing child pornography, the defendant knowingly possessed thousands of images depicting minors engaged in sexually explicit conduct as defined in 18 U.S.C § 2256(2)(A), including 198 videos. The files include sadomasochistic images of minors in bondage, sexual assaults on infants, and sexual acts on the corpse of a minor.

*Moira Buckley, Esq.*
*Page 16*


      This written stipulation is part of the plea agreement.  The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.


_____        _____

RANDALL TILTON                    NANCY V. GIFFORD

The Defendant                     ASSISTANT UNITED STATES ATTORNEY


_____

MOIRA BUCKLEY, ESQ.

Attorney for the Defendant

*Moira Buckley, Esq.*
*Page 17*

## RIDER CONCERNING RESTITUTION

Pursuant to 18 U.S.C. § 2259, the Court shall direct the defendant to pay the full amount of each victim's losses, including any costs incurred for:

(A)     medical services relating to physical, psychiatric, or psychological care;

(B)     physical and occupational therapy or rehabilitation;

(C)     necessary transportation, temporary housing, and child care expenses;

(D)     lost income;

(E)     reasonable attorneys' fees, as well as other costs incurred; and

(F)     any other relevant losses incurred by the victim.


Restitution is payable immediately unless ordered otherwise by the Court.  The order of restitution must be a condition of probation or supervised release.  Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. The Court may also order that the defendant give notice to any identifiable victim(s) of his offense under 18 U.S.C. § 3555.  Finally, the order of restitution has the effect of a civil judgment against the defendant.

*Moira Buckley, Esq.*
*Page 18*

## RIDER: ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1.  The defendant shall participate in mental health treatment, with an emphasis on sexual offender treatment, either in-patient or out-patient, to include participation with polygraph administration, as directed by the United States Probation Office.  The defendant shall pay all, or a portion, of the costs associated with mental health treatment based on his ability to pay, in an amount to be determined by the United States Probation Office;

2.  The defendant shall agree that any device that he uses with Internet access, including a computer, will be equipped with monitoring software that will permit the United States Probation Office to determine whether he has been in contact with minors, either through email, chat rooms, instant messaging, or any other electronic means.[1]  The defendant shall pay all, or a portion, of the costs associated with computer monitoring based on his ability to pay, in an amount to be determined by the United States Probation Office;

3.  The defendant shall consent to third-party disclosure to any employer, potential employer, community service site, or other interested party, as determined by the United States Probation Office, of any computer-related restrictions that are imposed;

4.  The defendant shall have no unsupervised contact with any child under 18 years of age without the express permission of the United States Probation Office and treatment provider. On release, the United States Probation Office will determine whether the defendant may have unsupervised contact with his own children;

5.  The defendant shall permit the United States Probation Office, accompanied by either local, state, or Federal law enforcement authorities, upon reasonable suspicion,[2] to conduct a search of the defendant's residence, automobile, and workplace for the presence of sexually explicit materials involving minors;

6.  The defendant shall comply with any applicable federal, state and local sex offender registry laws and requirements;

7.  The defendant shall provide the United States Probation Office with access to any requested financial records, including but not limited to, telephone bills and credit card statements;

---

[1] Narrowly tailored to conform to *United States v. Lifshitz*, 369 F.3d 173 (2d Cir. 2004).

[2] *Id.*

*Moira Buckley, Esq.*
*Page 19*

     8. The defendant shall not loiter around playgrounds, schools, arcades or any other places where children under the age of 18 congregate.  The defendant shall not associate with or have contact with convicted sex offenders or those considered inappropriate by the United States Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, unless as part of an approved counseling group;

     9. The defendant is prohibited from holding any position of authority or guidance over children or youth groups involving individuals under the age of 18; and

     10. The defendant is prohibited from accessing or possessing sexually explicit materials involving minors.