# UNITED STATES DISTRICT COURT
## District of Connecticut

### JUDGMENT IN A CRIMINAL CASE

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No.: 3:20-cr-00242-JAM-1 |
| | USM No.: 20226-509 |
| V. | |
| RANDALL TILTON | Nancy V. Gifford, <br> Amanda S. Oakes, Assistant U.S. Attorneys |
| | Moira L. Buckley, Defendant's Attorney |

Defendant pled guilty to guilty to Counts 1 through 7 of the information.

Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Counts |
|---|---|---|---|
| Title 18, United States Code, §2251 | Production of Child Pornography | November 2019 | 1 - 7 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**
Defendant is ordered committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of 210 years.

**SUPERVISED RELEASE**
Upon release from imprisonment, Defendant shall be on Supervised Release for life.

The Mandatory and Standard Conditions of Supervised Release as attached are imposed. In addition, the following Special Conditions are imposed:

1. You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901, et seq.) as directed by the Probation Office, the Bureau of Prisons, or any state sex offender registration agency, in which you reside, work, are a student, or were convicted of a qualifying offense.

2. You must participate in mental health treatment, with an emphasis on sexual offender treatment, as approved by the United States Probation Office, and must abide by the policies and procedures of the program, which may include polygraph testing. You must pay all or a portion of the costs associated with treatment based upon your ability to pay as determined by the Probation Office.

3. You must submit to periodic polygraph testing at the discretion of the Probation Office as a means to ensure that you are in compliance with the requirements of your supervision following the completion of a sex offender treatment program. You must pay all or a portion of the costs associated with testing based upon your ability to pay as determined by the Probation Office.

4. You must not view, purchase or possess any materials including, but not limited to, pictures, photographs, books, writings, drawings, videos or video games depicting what are described as child pornography as defined in 18 U.S.C. § 2256(A), or otherwise contrary to the anti-pornography laws of the United States.

5. You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without permission of the probation officer. If applicable, the U.S. Probation Office, in consultation with appropriate child welfare agencies and/or treatment providers, and with the approval of the Court, will determine whether the defendant may have such contact with his own children or relatives.

6. You must provide the U.S. Probation Office with access to any requested financial records, including but not limited to, telephone/cellular phone bills, and credit card statements. The purpose of this condition is to ensure that the defendant does not (i) purchase software, equipment, or services designed to block or circumvent the computer monitoring condition, (ii) purchase child pornography or access child pornography, or (iii) have contact with minors.

7. You shall avoid, and are prohibited from being in, any areas or locations where children under the age of 18 are likely to congregate, such as schools, daycare facilities, playgrounds, and theme parks, unless prior approval has been obtained from the U.S. Probation Office.

8. You must not associate or have contact with anyone you know or reasonably should know to be a convicted sex offender, or those identified as inappropriate by the U.S. Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, except as part of an approved counseling program.

9. You must not be employed in any position or participate as a volunteer in any activity that involves contact with children under the age of 18, except as approved by the probation officer.

10. You must submit your person, residence, office, and vehicle to a search, conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. You must warn any other residents of the premises or users of such vehicles that the premises and vehicles may be subject to searches pursuant to this condition.

11. You must submit all computers (as defined in 18 U.S.C. § 1030(e)(1)), mobile phones, other electronic communications or data storage devices, media cameras, drones, photographic equipment, and other Internet capable devices and related equipment (collectively, "electronic devices"), owned, controlled, or used by the defendant to a search, conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. You

must warn any other users of such items that the items may be subject to searches pursuant to this condition.

12. You must permit the U.S. Probation Office to install monitoring software on any and all electronic devices owned, controlled, or used by the defendant, for the purpose of determining whether the defendant is viewing or accessing child pornography, as defined in 18 U.S.C. § 2256(A) and/or whether the defendant has been in contact with minors. You must pay all or a portion of the costs associated with such monitoring based upon your ability to pay, as determined by the U.S. Probation Office. You must not download, install, or utilize any application, software, or hardware that will prevent the U.S. Probation Office from monitoring such electronic devices. This includes, but is not limited to, encryption, anonymity, or invisible mode software or devices, or dark web Internet browsers.

13. To ensure compliance with the preceding monitoring condition, you must allow the U.S. Probation Office or its designee to conduct initial and periodic unannounced reviews of any and all electronic devices subject to monitoring for the purposes of determining whether (1) the device contains any prohibited data prior to the installation of the monitoring software; (2) the monitoring software is functioning effectively after its installation; and (3) there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these devices that the devices may be subject to review pursuant to this condition. You must allow the U.S. Probation Office to use such equipment as is necessary to determine the presence of an Internet / Wi-Fi connection.

14. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may, with the Court's approval, require you to notify the person or organization about the risk and you must comply with that instruction. The probation officer may contact the person or organization and confirm that you have notified the person about the risk.

15. You must consent to third-party disclosure to any employer or potential employer with the Court's approval, and community service site, or other interested party, as determined by the Probation Office, of any computer-related restrictions that are imposed.

16. You must not knowingly communicate with anyone you know or reasonably should know to be a minor, via telephone, text messaging, email, social medial, mobile application, the Internet, or other electronic means.

17. You must have no contact, direct or indirect, with Minor Victims 1 through 7 or any of their family members by any means, including in person or by telephone, mail, facsimile, text messaging, email, chat rooms, instant messaging, over the Internet, through Facebook or other social media, or through any other form of electronic communication. You agree to permit the U.S. Probation Office to use monitoring software (described above) to determine whether you have been in contact with Minor Victims 1 through 7 or any of their family members (excluding yourself, your parents, your sibling and your grandparents).

18. If restitution is ordered, you must provide the probation officer access to any requested financial information and authorize the release of any financial information. The Probation

Office may share financial information with the U.S. Attorney's Office and the Assistant Federal Defender's Office.

19. You must pay any restitution that is imposed by this judgment. If you are unable to pay the full balance in a lump sum, any remaining balance is payable at a rate of not less than $300 per month or 10% of your gross monthly income, whichever is greater. The monthly payment schedule may be adjusted based on your ability to pay as determined by the probation officer and approved by the Court.

**CRIMINAL MONETARY PENALTIES**

Defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

**Special Assessment:**   $700.00 to be paid to the Clerk of the Court
**Fine:**   Waived
**Restitution:**   $906,402.48
**Additional Assessment under 18 U.S.C. § 2259A(a):**   Waived for reasons set forth on the record

It is further ordered that the Defendant will notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are paid.

The following Counts as to Randall Tilton have been dismissed:  NA

**JUDICIAL RECOMMENDATION TO THE BUREAU OF PRISONS:**  none

Date of Imposition of Sentence:  June 22, 2021

  /s/
Jeffrey A. Meyer, United States District Judge

Date: June 25, 2021

## CONDITIONS OF SUPERVISION

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

1. You shall not commit another federal, state or local crime.
2. You shall not unlawfully possess a controlled substance.
3. You shall refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ■ You must cooperate in the collection of DNA as directed by the Bureau of Prisons or probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

## STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
                     Defendant                                                        Date

_____     _____
U.S. Probation Officer/Designated Witness             Date

**CERTIFIED AS A TRUE COPY ON THIS DATE:** June ___, 2021

By: _____
     Donna Barry, Deputy Clerk

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

                                                                  Lawrence Bobnick
                                                 Acting United States Marshal

By  _____
                                                        Deputy Marshal